■ JOHN A. LUCIANO et al., Respondents, v FIRST INVESTORS CORPORATION et al., Appellants. CARMINE V. PARDI, Respondent, v FIRST INVESTORS CORPORATION et al., Appellants.— Order unanimously reversed on the law with costs and motion granted. Memorandum: Defendants' motion to compel arbitration of plaintiffs' claims should have been granted. Plaintiffs agreed to comply with the Rules of the National Association of Securities Dealers (NASD) in their employment contracts, and therefore the Code of Arbitration of the NASD was incorporated by reference into the agreements and was binding on plaintiffs *(see, McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, 170, *lv denied* 67 NY2d 606).

Although the alleged defamations occurred after plaintiffs' employment with defendant First Investors Corporation had terminated, the statements "ar[ose] in connection with the business of [First Investors Corporation]", and therefore were arbitrable under the NASD Code of Arbitration *(see, Flanagan v Prudential-Bache Sec.,* 67 NY2d 500, 507-509, *cert denied* 479 US 931).

The fact that plaintiffs may not have been members of the NASD at the time the defamatory statements were initiated is irrelevant, since the right to arbitration continues after the employment relationship has terminated *(see, Flanagan v Prudential-Bache Sec., supra,* at 507). (Appeal from order of Supreme Court, Erie County, Fudeman, J.—arbitration.) Present—Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.